IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELI W. MEIGS, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>  Defendant. ) | 3:05-CV-00349-DRB<br>[wo] |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, Eli W. Meigs ("Meigs") received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636. For reasons herein explained, the court concludes that the Commissioner's decision should be affirmed.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Meigs, age 48 at the time of the hearing, has not engaged in substantial gainful work activity since August 31, 1998, the alleged onset date of disability. The ALJ determined that Meigs has the following severe impairments: *status post multiple trauma in August 1998, cervical myelopathy, concussion of the labyrinth, and depression.* After considering them individually and in combination, he concluded that they did not meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ deemed Meigs' allegations of pain and functional limitations not

credible. Though finding Meigs unable to perform his past relevant work, the ALJ determined that he retained the residual functional capacity ("RFC") to perform other work. Accordingly, the ALJ concluded that Meigs is not disabled.[1]

### III.  ISSUES

Meigs specifies two issues for this judicial review:

1. Did the Commissioner of Social Security commit an error of law by failing to find the plaintiff presumptively disabled under 20 C.F.R. §404.1525, Appendix 1, ¶12.04(A) and (B)(1) and (2) based on undisputed evidence from plaintiff's treating psychiatrist?

2. Should this case be reversed and remanded for additional psychological evidence?[2]

### IV.  DISCUSSION

Plaintiff grounds his appeal on error in the ALJ's evaluation of his depression as a non-disabling severe impairment. Both issues specified are interrelated: whether the ALJ improperly failed to find Meigs' depression of listing-level severity; and whether this case should be remanded for additional psychological evidence. In addition, scrutiny of relevant portions of Meigs' brief reveals his specification of an alternative basis for remand which is also related to the ALJ's evaluation of his depression. Thus, the court first addresses the merits of his alternative basis for remand and proceeds to discuss the two specified issues.

#### A.   Consideration of Impact of Mental Impairment

Meigs highlights the ALJ's alleged failure to " identify any vocationally relevant limitations" based on his depressive disorder, and urges, that "at the absolute minimum, this case should be

---

[1] R. 16, 21, 26-28.

[2] Plaintiff's Brief ("*Pl.'s Br.*") at 1 (Doc. 16, filed Sept. 28, 2005).

3

reversed and remanded for additional consideration of the impact of [his] depressive order on his ability to engage in substantial gainful activity."[3] The Commissioner does not respond at all to this alternative basis for remand, and indeed, Meigs' contention warrants short shrift as it is simply not supported on this evidentiary record.

While the "Findings" section of the ALJ's written decision does not reference any limitations as a result of Meigs' depressive disorder, clearly evident is the ALJ's assessment of these limitations. The ALJ documented his consideration of the four functional areas dictated for evaluation of mental impairments.[4] In his discussion of Meigs' residual functional capacity, the ALJ stated, in relevant part: "The claimant's pain and depression are reasonably expected to impose no greater than moderate functional limitations upon his ability to engage in basic work activities."[5] The ALJ even posed to the vocational expert a hypothetical question which specified "depression as mild to

---

[3]*Pl.'s Br.* at 7, citing R. 25.

[4]R. 25. The Eleventh Circuit recently explained the special technique dictated for evaluation of mental impairments:

> Agency Regulations require the ALJ to use the "special technique" dictated by the PRTF for evaluating mental impairments. 20 C.F.R. §404.1520a(a). This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §404.1520a(c)(3-4). The ALJ is required to incorporate the results of this technique into the findings and conclusions. 20 C.F.R. §404.1520a(e)(2).

*Moore v. Barnhart*, 405 F. 3d 1208, 1214 (11th Cir. 2005).

[5]R. 26.

moderate".[6]  In sum, remand is not warranted for this claimed error.

## B.   Consideration of Listing §12.04 for Affective Disorder

A level-three conclusion that a claimant's severe impairments meet or equal a listed impairment dictates a finding of disability.  If the ALJ's analysis of Meigs' Listing §12.04 contention is unsupported, remand is dictated; and if the record is fully developed, the remand will be accompanied by instructions to award benefits.

### 1.   Listing § 12.04: Burden of Proof

The claimant's burden of proof for a listed disability includes, as explained in *Zebley v. Sullivan*, 493 U.S. 521, 530 (1990), specific medical findings to match the medical requirements for the listed impairment:

> Each impairment [in the Listings] is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests

---

[6] This colloquy between the ALJ and the vocational expert reflects the ALJ's consideration of Meigs' depressive order on his ability to engage in substantial gainful activity:

Q   Assuming that I find through the evidence that we have a younger individual with a high school education, who has limitations of no frequent, but occasional, push pull movements involving the upper, lower [sic], the lower extremities, no frequent, but occasional bending, stooping, squatting, or climbing, no unrestricted or unprotected heights, no hazardous machinery, no driving, will classify his pain as mild to moderate, and his level of depression as mild to moderate.

\*\*\*

Q   Would there be any light work opportunities that Mr. Meigs could perform as described by the Court?

A   Yes, Your Honor.

(R. 390-391).

5

only some of those criteria, no matter how severely, does not qualify.[7]

Listing §12.04 concerns mental disorders that are "characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." The required level of severity for this disorder is met when the requirements in both A and B are satisfied– on which Meigs rests– *or* when the requirements in C are satisfied.

For presumptive disability based on a depressive syndrome, the "A" criteria of the Listing requires a "medically documented persistence, either continuous or intermittent" of depressive syndrome characterized by at least four of the nine symptoms described at §12.04(A)(1). In addition to establishing the presence of an affective disorder, Listing §12.04 requires that the disorder results in functional limitations as set forth in §12.04(B). In order to satisfy the "B" criteria, a claimant must demonstrate that his disorder results in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.[8]

---

[7]S*ee also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("Diagnosis of a listed impairment is not alone sufficient; the record must contain corroborative medical evidence supported by clinical and laboratory findings."); *Wilkinson on Behalf of Wilkinson v Bowen,* 847 F.2d 660, 662 (11th Cir. 1987) (claimant must present evidence which describes how an impairment has the equivalency of a listed impairment); *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986).

[8]For purposes of the mental disorder listings, the preamble defines "marked" as:

> more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [a claimant's] ability to function independently, appropriately, effectively,
> (continued...)

### *2.   Evidentiary Analysis*

Concluding that he satisfies (A) and (B)(1) and (2) of Listing §12.04, Meigs rests his case for presumptive disability on (1) the diagnosis of *major depressive disorder, moderate, recurrent*, rendered by his treating psychiatrist, Dr. William Patterson and (2) Dr. Patterson's February 27, 2001 assessment that Meigs has a marked constriction of interests and a marked restriction of daily activities.[9]  It is undisputed that Meigs' depression– classified as a severe impairment by the ALJ– satisfies the "A" criteria of Listing §12.04.[10]  As now explained, the court concludes that substantial evidence supports the ALJ's conclusion that Meigs does not satisfy the "B" criteria in the identified areas of functioning.

The ALJ found "no indication that [Meigs] has ever had more than mild to moderate restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace due to his depression for any period of 12 consecutive months."  For this finding as well as the finding that Meigs had no episodes of

---

[8](...continued)
and on a sustained basis.

*See* §12.00C.

[9]*Pl.'s Br.* at 4-5, citing R. 307-309.  The form requested Dr. Patterson to rate 19 areas of functioning, indicating whether the limitation is mild, moderate, marked or extreme.

[10]*Pl.'s Br.* at 4("Since there is no dispute that the plaintiff has an affected disorder (depression in the words of the ALJ and major depressive disorder, recurrent, moderate in the words of the treating psychiatrist), the only question that remains for a proper determination of eligibility for the presumption is whether the claimant satisfies the so-called "B" criteria.").  Scrutiny of the Commissioner's brief does not reveal any discussion on the "A" criteria; the brief focuses on the impropriety of a finding that Meigs satisfied the "B" criteria. *See* Memorandum in Support of the Commissioner's Decision (*"Def.'s Br."*) at 5 (Doc. 20, filed Nov. 2, 2005).

decompensation due to depression, the ALJ detailed ample, supporting evidence.[11]

While Dr. Patterson opined in February 2001 that Meigs has a marked restriction on daily activities, his treatment records in August 2000 and in October 2001 indicate that Meigs stayed "active", drove his truck without difficulty and rode his tractor;[12] also documented is Meigs' appropriate dress and grooming on office visits.[13]  Meigs, who lives alone, testified that he does some cooking and light cleaning, drives, and can feed and dress himself.  Consistent with Dr. Patterson's recommendation that he "stay active", he watches softball, regularly attends church, visits with family and friends, watches television and walks through the pasture to see the horses.[14]

Dr. Patterson assessed Meigs with a marked limitation in "daily activities, e.g., ability to attend meetings (church, school, lodge, etc.) work around the house, socialize with friends and neighbors, etc."[15]  Coupled with Dr. Patterson's finding of a marked constriction of interests, this opinion demonstrates, Meigs contends, his marked difficulty in maintaining social functioning under the "B" criteria.[16]  Notwithstanding Dr. Patterson's expressed opinion of Meigs' *marked* limitation, the ALJ's finding of only *mild to moderate* difficulty finds substantial support in Dr. Patterson's assessment that Meigs has only a mild limitation in his ability to interact appropriately with the general public and to get along with co-workers or peers, and that he has only a moderate

---

[11]R. 25.

[12]R. 271, 349.

[13]R. 270-279; 323-324;349-350.

[14]R. 380-381, 387-388.

[15]R. 307.

[16]*Pl.'s Br.* at 7.

limitation in his ability respond appropriately to supervision.[17] Evidence of Meigs' regular church attendance, daily visits with his son and grandson, and visits with friends, also lend support to the ALJ's finding.[18]

In his evaluation of the disputed functional areas, Meigs merely attempts to weigh the evidence and draw his own conclusions about the opinions expressed by his treating psychiatrist. While Meigs may disagree with the manner in which the ALJ took account of the relevant evidence, the court cannot re-weigh the evidence. *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986). Nor can the court decide the facts anew or substitute its judgment for that of the ALJ. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004). The evidence credibly established that Meigs had no marked functional limitation in the two cited areas. Because Meigs did not sustain his burden of proving disability by presenting evidence consistent with Listing §12.04(B)(1) and (2). *Wilkinson on Behalf of Wilkinson v Bowen*, 847 F.2d 660, 662 (11th Cir. 1987), remand is not warranted.

### C.     Need for Consultative Examination

The court finds no abuse of discretion in the ALJ's failure to secure a consultative examination of Meigs' mental condition. An ALJ does commit "reversible error" if he declines "to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Reeves v. Heckler*, 734 F. 2d 519, 522 n.1 (11th Cir. 1984); *see also* 20 C.F.R. §404.1517 ("If

---

[17]R. 307-308.

[18]R. 380, 381, 387, 388.

your medical sources cannot or will not give us sufficient medical about your impairment for us to determine whether you are disabled or blind, we may ask to have one or more physical or mental examinations or tests."). Meigs' contention that the ALJ had insufficient information to make an informed decision rests solely on his exception to the ALJ's refusal to grant his pre-hearing request for a psychological evaluation to determine the extent and severity of this impairment.

The ALJ not only concluded that Meigs' depression constitutes a severe impairment but also discussed the four functional areas dictated for evaluation of limitations imposed by mental impairments. Additionally, the ALJ clearly considered Dr. Patterson's treatment records from July 1999 through January 2002, including his February 2001 assessment, along with other pertinent evidence of record. Meigs makes no credible showing for the inadequacy of all this evidence alone to ground an informed decision by the ALJ. The court readily finds the evidence substantial sufficiently to support the ALJ's non-disability determination. *See Haywood v. Sullivan*, 888 F. 2d 1463, 1472 (5th Cir. 1989) ("The ALJ not required to order consultative examinations unless the plaintiff meets the burden of raising the requisite suspicion that the examination is necessary to discharge the ALJ's responsibility to conduct a full inquiry into the facts."); *see also Gholston v. Barnhart*, 347 F. Supp. 2d 1108, 1115 (M.D. Ala. 2003) (ALJ not required to order a consultative exam unless the record– medical and non-medical– establishes the necessity for such an exam).

## V. CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED.** A separate judgement will be entered.

Done this 30th day of May, 2006.

                **/s/ Delores R. Boyd**
                DELORES R. BOYD
                UNITED STATES MAGISTRATE JUDGE